# COURT-ENFORCEABLE SETTLEMENT AGREEMENT
# AND RELEASE OF ALL CLAIMS

This Settlement Agreement and Release (hereinafter the "Agreement") is made and entered into as of this 29th day of June 2012, between Plaintiff RANDALL WRIGHT on behalf of himself, and all his heirs, executors, administrators, agents, representative, assigns, attorneys, and all other successors-in-interest (hereinafter jointly and collectively designated "PLAINTIFF"), and Defendants CAFFÉ TRIESTE, INC.; CAFFÉ TRIESTE SUPERB COFFEES, INC.; 4037 PIEDMONT AVENUE, LLC; and HAROLD BRANDEL and their owners, partners, shareholders, the landlord and the tenant, members, managing members, predecessors, heirs, executors, administrators, agents, representatives, assigns, attorneys, and all other successors-in-interest, successors, employees, attorneys, insurers, and parent, subsidiary and affiliated companies (hereinafter jointly and collectively designated "DEFENDANTS");

WHEREAS DEFENDANTS are the owners and operators of the property, which constitutes a public accommodation located at 4045 Piedmont Avenue, Oakland, California (hereinafter referred to as the "PREMISES");

WHEREAS PLAINTIFF filed, and there is now pending a lawsuit against DEFENDANTS entitled Randall Wright v. Café Trieste, Inc., et al. in the United States District Court, Northern District of California, case No. C11-4227 EMC (hereinafter referred to as the "ACTION"), alleging that DEFENDANTS engaged in the denial of civil rights and accessible public facilities to physically disabled persons, and personal injury damages resulting therefrom;

WHEREAS PLAINTIFF and DEFENDANTS (hereinafter the "Parties") desire to settle all claims or causes of action PLAINTIFF has or may have against DEFENDANTS and DEFENDANTS desire to settle all claims or causes of action between each other relating to or arising out of this ACTION including but not limited to future ADA/California disabled access claims pursuant to changes in said law;

NOW, THEREFORE, in consideration of the agreements and mutual covenants herein provided and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties hereto, the Parties agree as follows:

1.      The Parties agree and stipulate that the corrective work will be
        performed in compliance with the standards and specifications for
        disabled access as set forth in the California Code of Regulations,
        Title 24, and Americans with Disabilities Act Accessibility Guidelines
        ("ADAAG"), unless other standards are specifically agreed to in this
        Settlement Agreement and pursuant to the attached SK3 dated
        6/27/2012 floor plan of Café Trieste.

        a.      Entry doors from Piedmont Avenue: (1) Provide the required
                maneuvering clearance at the exterior pull side of the door,
                insuring that the slope perpendicular to the face of the door is
                measured at no more than 2.0%, and maintaining the opening force
                required to open the door is no greater than 5 lbs. (2) Secure the
                interior walk-off mat to the floor and maintain the mat so that it
                remains secured to the floor. (3) Insure that the bottom 10 inches
                of the push side of the door is unobstructed at all times.

        b.      Interior Service Areas: (1) Insure at least 30" of width clearance
                at the designated accessible condiment counter and maintain the
                accessible condiment counter so that at each of the items is within
                reach range for a front or side approach. (2) Insure the electrical
                outlet near the designated accessible table next to the designated
                accessible condiment counter is within reach range of a disabled
                person using the table OR decommission all electrical outlets for
                use by any patron. (3) Maintain at least 66" of clear space between
                the service counter/pastry display and café seating to create
                adequate width for a queue line and an accessible path of travel
                adjacent to the queue line. The edge of the tables nearest to the
                aisle way (service counter / pastry display to the seating) will be
                17" from the outer edge of the 66" width of the clear space.

        c.      Interior and Exterior Seating Areas: (1) Insure all designated
                accessible tables have at least 30" of width clearance, 27" of height
                clearance, and 19" of depth clearance. (2) Provide an accessible
                route of travel between the interior of Café Trieste and the patio
                with a wheelchair lift, which has been approved by the City of
                Oakland and constructed pursuant to such approval. (3) Insure the
                order window at the back patio is decommissioned at all times.  In
                the event a new tenant takes over the subject premises, any lease
                with a new tenant shall reflect that this back patio order window is
                not to be open to the public OR the order window and paths of
                travel to the order window will be made accessible.

d. <u>Entry Doors from Back Patio</u>: (1) Maintain a clear maneuvering space of at least 60" in the direction of the door swing and extending 24" minimum past the strike at the pull side. (2) Secure the interior walk-off mat to the floor and maintain the mat so that it remains secured to the floor.

e. <u>Restrooms and Path of Travel to Restrooms</u>:  (1) Insure both restrooms at Cesar's (the adjacent restaurant), are fully accessible and have all required signage. Plaintiff's access consultant shall have the opportunity to inspect the restrooms and Plaintiff shall provide notice of any access issues within 30 days of complete execution of this Agreement by the Parties except for work requiring permits.  If Defendants refuse to make any changes in the common area restroom recommended by Plaintiff's access consultant regarding these restrooms, Plaintiff reserves the right to seek additional attorney fees , litigation expenses, and costs to insure these restrooms are fully complaint and accessible pursuant to Title 24/ADA and SK3 attached herein.  (2) Defendants represent that the "vestibule wall and door" constructed to block off the restrooms in Cesar's from the rest of Cesar's restaurant has been approved by the City of Oakland.  (3) Install an accessible electronic key entry system to monitor access to Cesar's restrooms through the designated accessible back door OR insure that this door is open at all times that Café Trieste is open. (4) Create an accessible path of travel from the back door of Café Trieste to the designated accessible back door to the restrooms at Cesar's, including without limitation, insuring that the cross slope of the path of travel and the slope of the exterior threshold leading to the designated accessible back door to Cesar's restrooms are no more than 2% each, and the width of the path of travel is no less than 48" unobstructed.

f. <u>Timing of Injunctive Relief</u>: Defendants will submit plans for all corrective work requiring permits to the appropriate governmental agencies within 60 days of signature of this Settlement Agreement by all Parties. Defendants will complete all work within 60 days of receiving approval from the appropriate agencies.  Defendants will complete all work not requiring permits by September 29, 2012.  In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief, Defendants or their counsel will notify Plaintiff's counsel in writing within 15 days of discovering the delay.  Plaintiff will have

thirty (30) days to investigate and meet and confer, and to validate the delay by stipulation or reject the delay. If the Parties cannot reach agreement regarding the reasonableness of the delay within an additional fifteen days, Plaintiff may seek enforcement by the Court. Defendants or their counsel will notify Plaintiff's counsel when the corrective work is completed, and in any case will provide a status report to Plaintiff's counsel no later than 120 days from the entry of this Settlement Agreement and every 90 days thereafter until all access is provided. If Defendants fail to provide injunctive relief on the agreed upon timetable and/or fail to provide timely written status notification, and Plaintiff files a motion with the Court to obtain compliance with these terms, Plaintiff reserves the right to seek additional attorneys' fees for any compliance work necessitated by Defendants' failure to keep this agreement. If the Parties disagree, such fees shall be set by the Court.

g. <u>Notice</u>. Notice as described in this paragraph shall be given to the following:

Corfee Stone & Associates
Catherine M. Corfee, Esq.
P.O. Box 1098
Carmichael, CA 95609
916.487.5441 (Tel)
916.487.5440 (Fax)
catherine@corfeestone.com

Law Offices of Paul L. Rein
Cat Cabalo, Esq.
200 Lakeside Dr., Suite A
Oakland, CA 94612
510.832.5001 (Tel)
510.832.4787 (Fax)
Reinlawoffice@aol.com

2.     DEFENDANTS shall pay to PLAINTIFF a total of $20,000 for PLAINTIFF's alleged damages for personal injuries and civil rights violations. This check is to be made out to "PAUL L. REIN IN TRUST FOR RANDALL WRIGHT." DEFENDANTS shall pay to PLAINTIFF an additional amount of

$70,011 for PLAINTIFF'S attorneys' fees, litigation expenses, and costs. This check is to be made out to "PAUL L. REIN." In the event of any breach with respect to payment as described in this paragraph, DEFENDANTS recognize and acknowledge that their respective obligations to pay these amounts are joint, not several. Payment of all amounts described in this paragraph are to be made by July 16, 2012 – delivered to the Law Offices of Paul L. Rein, 200 Lakeside Drive, Suite A, Oakland, CA 94612. Plaintiff's attorneys will supply a W-9 form to Defendants for all payments described in this paragraph.

3.     In consideration of the foregoing, PLAINTIFF for himself, his heirs, executors, administrators, agents, representative, assigns, attorneys, and all other successors-in-interest hereby releases, acquits and discharges, DEFENDANTS and their owners, partners, shareholders, members, managing members, predecessors, heirs, executors, administrators, agents, representatives, assigns, attorneys, and all other successors-in-interest, employees, attorneys, insurers, and parent, subsidiary and affiliated companies, from any and all claims, demands, causes of action, obligations, damages, suits, debts, payments owed, expenses, attorney fees, costs, accounts, covenants, controversies, agreements, promises, judgments, injunctive claims, charges and liabilities of any nature whatsoever, both known and unknown, suspected or unsuspected, in law or in equity, relating to or arising out of the ACTION -- or wherein California/Federal ADA access law changes in the future -- or otherwise pertaining in any way directly or indirectly to the PREMISES.

4.     As a further consideration and inducement for this Agreement, all Parties hereby waive against each other all rights under Section 1542 of the California Civil Code or any analogous state, local, or federal law, statute, rule, order or regulation. California Civil Code Section reads as follows:

GENERAL RELEASE – CLAIMS EXTINGUISHED. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which, if known by him or her, must have materially affected his or her settlement with the debtor.

Understanding the language of Civil Code section 1542 and being fully aware of the legal effect of the statute, the Parties nevertheless expressly and specifically waive any and all rights or remedies provided by Civil Code section 1542, or any analogous state, local or federal law, statute, rule or order or regulation.

5.     This Agreement is the product of negotiation by and among the parties hereto and their respective attorneys, and therefore this Agreement shall not be deemed to have been prepared or drafted by one party or another, or its attorneys, and will be construed accordingly.

6.     This Agreement shall be interpreted in accordance with and in all respects governed by the laws of the State of California.

7.     PLAINTIFF and DEFENDANTS have each carefully read this Agreement and understand its content and sign it freely and voluntarily upon the advice of their attorneys.

8.     PLAINTIFF hereby authorizes the dismissal, with prejudice, of the Complaint filed in the ACTION bearing Case No. C11-4227 EMC. PLAINTIFF's counsel will cooperate in the execution of a Stipulation for Dismissal of the Complaint in this ACTION to be prepared by DEFENDANTS upon completion of all injunctive relief described in paragraph 1 and Plaintiff's receipt of all payments described above in paragraph 2.

9.     PLAINTIFF affirms that the only consideration for his execution of this Agreement are the terms stated above; that no other promise or agreement of any kind has been made to PLAINTIFF to cause him to execute this Agreement; that he is competent to execute this Agreement; that his agreement to execute this Agreement has not been obtained by any duress; and that he fully understands the meaning and intent of this document which is that it constitutes a complete Agreement.

10.     The Parties further agree that this Agreement shall be binding upon them and their heirs, executors, administrators, agents, representative, assigns, attorneys, and all other successors-in-interest. PLAINTIFF warrants that he has not assigned any portion of his claim against DEFENDANTS to any person or entity and further warrants that no person, including relatives, has any right to PLAINTIFF'S claims against DEFENDANTS.

11.     In the event that a portion or portions of this Agreement are adjudicated to be invalid, such portions that are not invalid shall remain in full force and effect.

12.    This Agreement contains the entire agreement between PLAINTIFF and DEFENDANTS, and the terms of this Agreement are contractual and not a mere recital.

13.    This Agreement may be executed in counterparts and all so executed shall constitute one Agreement which shall be binding upon all Parties hereto, notwithstanding that all Parties' signatures do not appear on the same page. Facsimile signatures shall have the same force and effect as original signatures. AGREED.

Date: ___6/29/12___          _____
                              PLAINTIFF RANDALL WRIGHT


                              DEFENDANT CAFÉ TRIESTE,
                              INC.


Date: ___6/29/12___          By: _____


                              DEFENDANT CAFÉ TRIESTE
                              SUPERB COFFEES, INC.


Date: ___6/29/12___          By: _____


                              DEFENDANT 4037 PIEDMONT
                              AVENUE, LLC

Date:

___6-29-12___                By: _____

Date: _____6-29-12_____

_____
DEFENDANT HAROLD
BRANDEL


Approved as to form:

LAW OFFICE OF PAUL L. REIN

Date: _____6/29/12_____

_____
By: Catherine Cabalo, Esq.
Attorneys for Plaintiff Randall
Wright


CORFEE STONE &
ASSOCIATES

Date: _____6/29/12_____

_____
By: Catherine M. Corfee, Esq.
Attorneys for Defendants

## ORDER

Pursuant to the above Settlement Agreement and General Release, and for good cause shown, the Court shall retain jurisdiction of this action to enforce provisions of this Settlement Agreement and Release for eighteen (18) months after the date of entry of this Order by the Court, or until all injunctive relief is completed and payment for Plaintiff's damages, attorney fees, litigation expenses and costs is made in full, whichever occurs later.

Dated: _____ July 5 _____, 2012

_____

Honorable EDWARD
United Sta

IT IS SO ORDERED

Judge Edward M. Chen

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



**MARCY WONG**
**DONN LOGAN**
**A R C H I T E C T S**
800 bancroft way #200
berkeley, ca 94710
tel. 510. 843.0916
office@wonglogan.com

**CAFFE TRIESTE**
4043-4045 PIEDMONT AVE
OAKLAND, CA

DATE:
JUNE 27, 2012
JOB:
0322 A
DRAWN:
KS
SCALE:
1/4" =1'-0"

**SK-3**